Camilo **BETANCOURT–**
**SALDARRIAGE,**
**Appellant,**

v.

**John NASH, Warden.**

No. 04–4284.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR
34.1(a) April 21, 2005.

Decided May 5, 2005.

Camilo Betancourt–Saldarriage, Fort Dix, NJ, pro se.

Before RENDELL, AMBRO and FUENTES, Circuit Judges.

OPINION

PER CURIAM.

In 2001 Camilo Betancourt–Saldarriage was convicted in the United States District Court for the Eastern District of New York of conspiracy to import heroin. The court imposed a sentence of 51 months imprisonment (it is unclear from the present record whether a term of supervised release was also imposed). In calculating Betancourt–Saldarriage's good time credits under 18 U.S.C. § 3624 the Bureau of Prisons applied 28 C.F.R. § 523.20 and determined his release date to be February 16, 2005. Arguing that the regulation contradicts the plain meaning of the statute, Betancourt–Saldarriage filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 in which he claims that his release date should instead be January 20, 2005. In the alternative, he argues that even if the statute were ambiguous, he should benefit from the "rule of lenity." The District Court disagreed and denied the petition. This appeal followed.[1] We note that Betancourt–Saldarriage was released from prison on February 16, 2005.

The outcome of the appeal is controlled by our recent decision in *O'Donald v. Johns,* 402 F.3d 172 (3d Cir.2005). There, the appellant presented an argument essentially the same as that advanced by Betancourt–Saldarriage here. We rejected it, finding that section 3624(b) is ambiguous but agreeing with the Second, Seventh and Ninth Circuit Court of Appeals that the BOP's interpretation of section 3624(b) is reasonable. We declined to apply the "rule of lenity" because the ambiguity in the statute had been otherwise

*Menifee,* 122 F.3d 159, 161 n. 3 (3d Cir.1997).

1. We have jurisdiction under 28 U.S.C. § 1291. Our review is plenary. *Roussos v.*

resolved. In light of *O'Donald,* we will affirm the judgment of the District Court.